## Case No. 8,154.

### LEA et al. v. DEAKIN.

[11 Biss. 23;[1] 18 Am. Law Reg. (U. S.) 322;
7 Reporter, 261; 11 Chi. Leg. News, 152.]

Circuit Court, N. D. Illinois. Jan., 1879.

TRADE MARKS—"WORCESTERSHIRE SAUCE" A GEN-
ERIC TERM—RES JUDICATA—FORMER
DECREE IN ENGLAND.

1. The term "Worcestershire Sauce" has be-
come generic as applied to a certain kind of table
sauce, and cannot be exclusively appropriated
by the complainants simply because they reside
in Worcestershire, England.

2. A decree rendered by the master of the rolls
in England, refusing an injunction and dismissing
a bill in equity to restrain the infringement of
an alleged trade mark, and which was not ap-
pealed from, is a complete bar to a suit brought
in this country for the same purpose by the same
complainants against the agent of the defendant
in the English suit.

[Cited in Faust v. Baumgartner, 113 Ind. 141,
15 N. E. 337.]

[This was a bill in equity by Charles W.
Lea and others against Frank Deakin for the
infringement of an alleged trade-mark.]

Rogers & Appleton and Henry M. Collyer,
for complainants.

Charles E. Pope and George C. Christian,
for defendant.

DRUMMOND, Circuit Judge. This case
has been ably and fully argued by the coun-
sel of the respective parties, and as it has
been pending for a long time, although I
have not had, from other engagements, the
opportunity of considering it so thoroughly as
I could wish, I may state now the conclusions
at which I have arrived, without going into
any special detail of the reasons leading to
such conclusions. The plaintiffs are, and have
been for a long time, the manufacturers of
what has been called "Worcestershire Sauce,"
in Worcestershire, England. It is at present,
and has been for some time, known as "Lea
& Perrins' Worcestershire Sauce." The de-
fendant is a resident of Wisconsin, and has
been in the habit of receiving from England a
sauce somewhat similar to that of the plain-
tiffs which is called the "Improved Worces-
tershire Sauce," prepared by Richard Millar
& Co., of London. The defendant is their
agent for the sale of this latter sauce in this
part of the country. I think the proof estab-
lishes that there has long been known in the
market a certain kind of sauce used for the
table, on fish and meats of various kinds, as
"Worcestershire Sauce;" that it is a sort of
generic term given to this kind of sauce from
the fact that it was originally manufactured
in Worcestershire, England. It seems to have
been manufactured also in other places, and
the term "Worcestershire Sauce" seems to
have been applied to that species of sauce.
Under the circumstances, therefore, it can
hardly be claimed that the plaintiffs, simply
because they reside in Worcestershire, and

manufacture a sauce which they call "Wor-
cestershire Sauce," have the sole right to the
application of the term to that species of
sauce. I think that the proof also shows
that the plaintiffs have been cognizant for
many years of the fact that there was this
kind of sauce manufactured to which the
term was applied; that for many years they
took no steps to prevent the parties from
manufacturing the sauce; and that, therefore,
there may be said to have been something in
the nature of an acquiescence in the manu-
facture of the sauce.

The proof also shows that the plaintiffs filed
a bill in chancery in England against the
principal of the defendant, Millar, of London,
on the ground that he or his company were
manufacturing the very species of sauce
which is the subject of controversy in this
case, asking for an injunction to restrain him
from such manufacture, and from using the
term "Worcestershire Sauce," they claiming
that they had the right to it as a trade-mark,
and that no one else could use it without their
consent, and also asking for an accounting
from the defendant. The case was heard by
the master of the rolls, Sir George Jessel, and
fully considered by him in 1876, and the in-
junction was refused and the bill dismissed.
See Sebast. Trade-Marks, 305; Seton, Dec.
(4th Ed.) 242. There was no appeal from
this decree; on the contrary, it seems to have
been acquiesced in by the plaintiffs. I see
nothing in the record to raise a doubt that
the case was decided on its merits. I think,
therefore, that case is a bar to the action of
the plaintiffs. They brought the suit against
Millar, the principal of the defendant in this
case, on the very subject-matter of controver-
sy here; they asked for an injunction for the
same reasons that the injunction is asked
here, and for substantially the same general
relief. It was refused by the master of the
rolls, and the bill dismissed. Deakin, the de-
fendant here, has acted for Millar, the de-
fendant in that case. It would be an anom-
aly if it were true that Millar could manu-
facture and sell his sauce in England, and at
the same time Deakin, who sells it here, and
obtains it from him, could be restrained here
at the instance of the plaintiffs from selling it.

By agreement between the parties, and the
order of the court, many of the questions on
the admissibility of evidence were submitted
to the master, and he made his report thereon
to the court, and exceptions have been taken
to his report. It is unnecessary for me to
consider these various exceptions. It is suffi-
cient to say, I think, there is evidence in the
case which ought to be admitted, and from
which these conclusions can be deduced. The
result will be, therefore, that the bill will be
dismissed.

NOTE. A name which has become generic
in meaning cannot be appropriated as a trade-
mark. Canal Co. v. Clark, 13 Wall. [80 U. S.]
311, 323; Thomson v. Winchester, 19 Pick. 214;
Wolfe v. Goulard, 18 How. Pr. 64; Sherwood

[1] [Reported by Josiah H. Bissell, Esq., and
here reprinted by permission.]

v. Andrews [unreported]; Candee v. Deere, 54 Ill. 439; Singer Manuf'g Co. v. Wilson. 2 Ch. Div. 434; Cocks v. Chandler, L. R. 11 Eq. 446; Ford v. Foster, 7 Ch. App. 611; Burke v. Cassin, 45 Cal. 467; Burnett v. Phalon, 9 Bosw. 192; Bininger v. Wattles, 28 How. Pr. 206; Singleton v. Bolton, 3 Doug. 293; Canham v. Jones, 2 Ves. & B. 218. But see Newman v. Alvord, 49 Barb. 588; Congress & E. Spring Co. v. High Rock C. Spring Co., 45 N. Y. 291; Dunbar v. Glenn, 42 Wis. 118; Wotherspoon v. Currie, L. R. 5 H. L. 508. There can be no trademark in the name "Singer Sewing Machine." Singer Manuf'g Co. v. Larsen [Case No. 12,-902]. The word "Parabola" used as the name of needles. not being descriptive of any peculiar quality of the needles, is a valid trademark. Roberts v. Sheldon [Id. 11,916]. So the term "Yankee," applied as the name or label upon soap, is a valid trade-mark. Williams v. Adams [Id. 17,711].

[For other cases involving this litigation, see Cases Nos. 3,695, 3,696, and 3 Fed. 435, and 13 Fed. 514.]