## Case No. 16,787.

### UNITED STATES & FOREIGN SALAMANDER FELTING CO. v. ASBESTOS FELTING CO.

[10 O. G. 828.]

Circuit Court, S. D. New York. July 11, 1876.

INFRINGEMENT OF PATENTS—INJUNCTION.

The defendants restrained from using an arrangement which had been decided to be an infringement of the plaintiffs' patent in suits against parties supplied with the same by the defendants, who assumed and conducted their defense.

[This was a bill in equity for infringement of reissue patent No. 4,134, to Riley and Bissell (original, 95,517), for a composition for covering boilers.]

G. E. Belton, for plaintiff.
J. Marshall, for defendants.

---

## Case No. 16,787a.

### UNITED STATES & FOREIGN SALAMANDER FELTING CO. v. ASBESTOS FELTING CO.

[18 Blatchf. 310; 5 Ban. & A. 622.] [1]

Circuit Court, S. D. New York. Sept., 1880.

PATENT INFRINGEMENT SUITS — RES JUDICATA — RECORD IN PRIOR SUIT.

In a suit in equity for the infringement of a patent, it appeared that a prior suit at law on the patent had been tried in Massachusetts against a defendant to whom the defendant in this suit had supplied the infringing article used by him; and that the defendant in this suit had employed and paid the counsel who defended the other suit. Held, that the record of the other suit was competent evidence for the plaintiff in this suit; and that the defendant in this suit was concluded as to patents and evidence shown by said record to have been set up as a defence in that suit on the question of novelty.

In equity.

George E. Betton, for complainant.
Jonathan Marshall, for defendant.

BLATCHFORD, Circuit Judge. This suit is brought for the infringement of patent No. 114,711, granted to the plaintiff on the invention of John Riley, May 9th, 1871. The bill sets up that the plaintiff brought a suit at law for the infringement of that patent, in the Massachusetts district, against the Merrimack Manufacturing Company; that the material used by the defendant in that suit was supplied and put in by the agent of the defendant in this suit and is the same as that made and used by the defendant in this suit; that the defendant in this suit defended that suit, its president being personally present at the trial and giving directions with regard to the same; that the answer in that suit set up, as a defence, a patent granted to one Baumann, No. 100,354, March 1st, 1870; that the judgment of the court was in favor of the plaintiff; and that the defendant is bound by said decision. The answer in this suit does not deny that the defendant in this suit defended the Massachusetts suit, but avers that the Baumann patent was not introduced in evidence in the Massachusetts suit. The plaintiff put in evidence in this suit the record in the Massachusetts suit, under an objection by the defendant that it was incompetent. It appears, by the proofs in this suit, that the defendant supplied the covering for boilers and pipes used by the defendant in the Massachusetts suit; that the president of the defendant employed the counsel who defended that suit; and that the defendant paid for the services of said counsel. The record in the Massachusetts suit shows that that suit was brought on said patent No. 114,711, with other patents; that the answer

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge: reprinted in 5 Ban. & A. 622, and here republished by permission.]

in that suit sets forth that the things claimed in the Riley patent were, before Riley invented them, described in the patent No. 100,354, granted to Baumann March 1st, 1870, and known to and used by said Baumann; and that the finding of the court was that the defendant had infringed the first and second claims of the patent No. 114,711. On the foregoing facts it must be held that the record in the Massachusetts suit is proper evidence in this suit, and that the judgment in that suit concludes the defendant as to the Baumann patent and as to the alleged prior knowledge and use by Baumann. For the same reasons that judgment concludes the defendant as to the patent No. 76,773, granted April 14th, 1868, to Henry W. Johns, and as to any alleged prior knowledge and use by Johns. The Riley patent is not invalidated by the Hardy and Lay patent, No. 94,739, or the Selden and Kid patent, No. 83,414, or the French patent, No. 94,882, or any of the other patents or matters put in evidence by the defendant.

The proof is satisfactory that the defendant has infringed the first and second claims of the plaintiff's patent, and there must be a decree for the plaintiff for a perpetual injunction and an account of profits and damages, with costs.