Faust v. Baumgartner et al.

Filed Jan. 21, 1888.

---

No. 13,064.

## FAUST v. BAUMGARTNER ET AL.

FORMER ADJUDICATION.—*Estoppel.*—*Real Party in Interest.*—*City.*—*Injunction.*—A judgment in favor of a city and one of its agents, in an action prosecuted by a citizen questioning the right of the city to embrace certain land in a street improvement, is a bar to a subsequent suit by the same plaintiff, involving the same subject-matter, for an injunction

against the city and others of its agents, the corporation in each instance being the real party in interest.

From the Huntington Circuit Court.

*J. T. Alexander, J. M. Hatfield, B. M. Cobb* and *C. W. Watkins,* for appellant.

*B. F. Ibach* and *J. G. Ibach,* for appellees.

ZOLLARS, J.—Appellant instituted this suit against the city of Huntington, Max Baumgartner and Jacob Nier, and alleged in his complaint that they were improving a public street, and so extending the improvement as to include a strip of his land six feet wide, which is not a part of the street. He seeks an injunction to prevent them from going upon and improving that strip of land as a part of the street.

The theory of his complaint is, that the city has no authority to extend the improvement over the strip of land claimed by him. In other words, the complaint calls in question the right and authority of the city to so extend the improvement as to cover the strip of land in dispute. To have it adjudged that the city has not such authority is the manifest purpose of the complaint.

To the complaint the defendants filed a joint answer of former adjudication.

The substance of the answer is, that, in 1883, in a suit in which appellant was plaintiff and the city of Huntington and its civil engineer, Patrick O'Brien, were defendants, the identical matters set up in the complaint in this suit were litigated, adjudicated and settled against appellant and in favor of said defendants, and that they had judgment for costs; that the defendant Baumgartner is the marshal and Nier an employee of the city of Huntington, acting under its authority and direction in the making of the improvement.

The only objection urged to the answer, and hence the one to which we limit the decision, is, that it shows upon its face that the parties to the different suits are not the same.

It is argued that because Baumgartner and Nier were not

Faust *v.* Baumgartner *et al.*

parties to the former suit they are in no way affected by the judgment rendered, and can not plead that judgment in bar of this suit; that, therefore, the answer as to them is bad; that being a joint answer by all of the defendants, and bad as to them, it is bad as to all.

The city is the real party in interest. The other defendants were its servants merely, acting under its authority and in obedience to its directions.

If the city has authority to make the improvement upon the strip of land which appellant claims, they were neither doing, nor threatening to do, a wrong. That the city has authority to make the improvement would be a complete defence for them. They might show that it has such authority by pleading the facts. That, however, is not necessary here, for the reason that the right and authority of the city to make the improvement were settled in the former suit. That adjudication is conclusive against appellant, not only as to the city, but also as to the other defendants here, its servants and agents, acting under its authority and direction in the making of the improvement. This conclusion is fully sustained by the case of *Lea* v. *Deakin*, 11 Biss. 23. The plaintiffs in that case were the manufacturers of a sauce called the "Worcestershire Sauce," in Worcestershire, England. The defendant, a resident of the State of Wisconsin, had been in the habit of receiving from England a sauce somewhat similar to that of the plaintiffs', which is called the "Improved Worcestershire Sauce," prepared by Richard Millar, of London. The defendant was the agent of Millar for the sale of the sauce in Wisconsin and other States. The suit was for an injunction against the defendant to prevent him from selling the sauce as "Worcestershire Sauce," and from using the term "Worcestershire Sauce," the plaintiffs claiming that they had a right to it as a trade-mark, and that no one else could use it without their consent. Upon the trial of the cause it was shown that before the commencement of the suit the plaintiffs had filed a bill in chancery, in England, against

Millar, the principal of the defendant, asking for an injunction against him on the same ground as that set up in the suit against the defendant, Millar's agent, and that the injunction was refused and the bill dismissed. In speaking of the judgment in that case DRUMMOND, J., said: "I see nothing in the record to raise a doubt that the case was decided on its merits. I think, therefore, that case is a bar to the action of the plaintiffs. They brought the suit against Millar, the principal of the defendant in this case, on the very subject-matter of controversy here; they asked for an injunction for the same reasons that the injunction is asked here, and for substantially the same general relief. It was refused by the Master of the Rolls, and the bill dismissed. Deakin, the defendant here, has acted for Millar, the defendant in that case. It would be an anomaly if it were true that Millar could manufacture and sell his sauce in England, and at the same time Deakin, who sells it here, and obtains it from him, could be restrained here at the instance of the plaintiffs from selling it." See, also, *Thomas* v. *Merry, ante,* p. 83; *Parker* v. *Wright,* 62 Ind. 398; *State, ex rel.,* v. *Page,* 63 Ind. 209; *Ulrich* v. *Drischell,* 88 Ind. 354; *Walker* v. *Hill,* 111 Ind. 223; *Woolery* v. *Grayson,* 110 Ind. 149; Freeman Judgments, sections 174, 176 to 180; Bigelow Estoppel (4th ed.), p. 115; Wells Res Adjudicata, sections 17, 63; *Emery* v. *Fowler,* 39 Maine, 326 (63 Am. Dec. 627); *French* v. *Neal,* 24 Pick. 55; *Castle* v. *Noyes,* 14 N. Y. 329; *Rogers* v. *Haines,* 3 Greenl. Rep. 362.

There was no error in the overruling of the demurrer to the answer.

It is further argued by counsel for appellant that the record of the judgment in the former suit, introduced in evidence in this, does not show such an adjudication as ought to bar a judgment against appellees, and that, therefore, the finding and judgment by the court below are not sustained by sufficient evidence.

The evidence of the former adjudication is not the only

evidence in support of the judgment below. The evidence is not without conflict, but there is evidence tending to show that the strip of land claimed by appellant is a part of the street, and hence tending to support the judgment below. When such is the case, this court can not reverse the judgment upon the weight of the evidence.

Because of the other evidence upon which the judgment may well rest, it is not necessary for us to determine whether or not the evidence of the judgment in the former suit is such as of itself to bar this suit.

Judgment affirmed, with costs.

