## EAGLE MANUF'G Co. *v.* DAVID BRADLEY MANUF'G Co.

*(Circuit Court, N. D. Illinois. July 13, 1891.)*

PATENTS FOR INVENTIONS—RES ADJUDICATA.
Where a suit for alleged infringement of a patent is brought against a firm that is a branch of the firm that manufactures the alleged infringing device, and the latter firm conducts the defense, a decree for the complainant is binding upon the firm that conducted the defense, not only upon all the questions that were raised and determined in the suit, but upon all that might have been raised and determined therein.

In Equity. Bill by the Eagle Manufacturing Company against the David Bradley Manufacturing Company to enjoin the infringement of a patent.

*Nathaniel French* and *W. T. Underwood*, for complainant.

*Bond, Adams & Jones*, for defendant.

BLODGETT, District Judge. This is a bill for injunction and accounting by reason of the alleged infringement by defendant of letters patent No. 242,497, granted June 7, 1881, to E. A. Wright, for a cultivator. The invention covered by this patent consists of a peculiar spring, so arranged and adjusted with the operative parts of the machine that it will aid in lifting the cultivator beams or plow beams out of the ground with an increasing force as the cultivator rises, rather than with a decreasing force, as is usual with such springs; this peculiar effect being produced by increasing the leverage of the spring upon the beam, to be lifted as the beam rises, although the spring is at the same time losing some part of its tension and lifting force.

Infringement is charged of the first, second, and third claims of the patent, which are:

"(1) In a cultivator, the combination of a vertically swinging drag bar or beam and a lifting spring, which acts with increasing force or effect on the beam as the latter rises, and *vice versa.*

"(2) In a wheeled cultivator, the combination of a vertically moving beam and lifting spring, substantially as described, whereby an increasing upward strain is communicated to the beam as the latter rises.

"(3) The combination of a wheeled frame, a vertically moving beam or drag bar attached thereto, and a lifting spring, substantially as described, which exerts a greater strain or effect upon the beam when the latter is elevated than when it is depressed."

The defenses interposed are want of patentable novelty and noninfringement.

The bill avers, and the proof fully shows, that in the month of December, 1887, complainant brought suit in the United States circuit court

for the southern district of Iowa against David Bradley & Co. for an infringement of the same patent; that the said David Bradley & Co. was a branch house of the defendant in this case, and was engaged in selling the identical class of cultivators which are charged to infringe the complainant's patent in this case; that the defendant herein undertook and managed the defense of said suit, employing counsel for that purpose, and conducting the defense in the name of David Bradley & Co., the said branch house; and that such proceedings were had in said case that the same was brought to hearing upon the merits at the May term of said court for 1888, and the said court did then and there adjudge and decree that the said David Bradley & Co., by the sale of said cultivators, had infringed the complainant's patent, and enjoined the further use of said patented device by the defendants in said cause.

It is further alleged in said bill, and shown by the proofs, that the cultivators which the defendants in the said Iowa case were charged with selling, and thereby violating the complainant's patent, were manufactured by the defendant in this case.

It is contended that upon the facts alleged in the bill and shown in the proof, in regard to the prior case, defendant herein is estopped from any further controversy in regard to the validity of complainant's patent or the fact of infringement. An examination of the record in the Iowa case, which is in evidence in this case, and of the opinion of the court in that case, (35 Fed. Rep. 295,) shows that all the questions now made in this case were made in the Iowa case, and fully considered and passed upon by that court, and held against the defendant; that the proof upon the issues made in this case, upon the questions of novelty and noninfringement, is essentially the same as was placed before the Iowa court, excepting that the defendant in this case has introduced proof tending to carry the invention in the patent to C. A. Hague, under which defendant is working, granted June 21, 1881, back to an earlier date than that of the invention covered by complainant's patent. But a careful examination of this new proof, introduced by the defendant, fails to satisfy me that the Hague invention antedates the invention covered by the complainant's patent; it being a well-established rule of evidence that the fact of priority of invention, in order to defeat a patent, must be so clear and convincing as to leave no reasonable doubt. *Coffin* v. *Ogden*, 18 Wall. 120; *Shirley* v. *Sanderson*, 8 Fed. Rep. 908.

Aside from the rule of comity which this court has always endeavored to observe, especially in patent cases, it seems quite clear to me that the defendant in this case was so far a privy to the litigation in the Iowa case as to make the decree in that case binding upon the defendant here.

The rule laid down in *Robbins* v. *Chicago City*, 4 Wall. 657, seems to me fully applicable to this case. There the court said:

"The conclusive effect of judgments respecting the same cause of action, and between the same parties, rests upon the just and expedient axiom that it is for the interest of the community that a limit should be opposed to the continuance of litigation, and that the same cause of action should not by brought twice to a final determination."

Parties in that connection include all who are directly interested in the subject-matter, and who had a right to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment. And this same rule is restated and followed in numerous cases, among which are *Beloit* v. *Morgan*, 7 Wall. 619; *Miller* v. *Liggett, etc., Co.*, 7 Fed. Rep. 91; *Claflin* v. *Fletcher*, Id. 851; *American Bell Tel. Co.* v. *National Imp. Tel. Co.*, 27 Fed. Rep. 666; *Morss* v. *Knapp*, 37 Fed. Rep. 352; *Lea* v. *Deakin*, 11 Biss. 23, 13 Fed. Rep. 514; *Wilson's Ex'r* v. *Deen*, 121 U. S. 525, 7 Sup. Ct. Rep. 1004.

The proof in this case shows beyond doubt that the defendant in this case, with the consent of the defendants in the Iowa case, made itself the *dominus litus* in that case; it controlled the defense; appeared by its own attorneys; it was the manufacturer of the plows in which the alleged infringement was found; and may, I think, with entire propriety, be held to be bound, not only upon all the questions which were raised and determined in the former case, but upon all which might have been raised, and determined in that case. The Hague patent itself was considered by the Iowa court, and not held to be an anticipation or protection as against the complainant's patent. The defendant, may, I think, be considered as bound, not only by all the evidence which was considered in the Iowa case, but all which it could have appropriately put into the record in that case, including the testimony, which it is claimed would carry the Hague invention back of the Wright invention.

I am therefore of opinion that all the defenses which are urged here have been anticipated and are cut off by the decree in the Iowa case. A decree will therefore be entered, finding that the defendant infringed as charged, and for an injunction and accounting.