## THELLER v. HERSHEY.

(Circuit Court, N. D. California. September 29, 1898.)

No. 12,139.

1. FORMER ADJUDICATION—PLEADING—ALLEGATIONS OF PRIVITY.

A pleading setting up a former judgment between plaintiff and a third party as binding on defendant need not allege, in terms, that defendant had such control of the former action as to be bound by the judgment, but is sufficient if the facts pleaded warrant such conclusion by the court.

2. SAME—WHAT CONSTITUTES PRIVITY—CONTRIBUTING TO DEFENSE.

One who, being interested in the subject-matter of an action for infringement of a patent, contributes towards the defense of such action, and agrees to pay a share of the expenses and costs, becomes privy thereto, and is bound by the judgment.

3. SAME—PLEADING—FINALITY OF JUDGMENT.

A supplemental bill setting up a former judgment as conclusive of the question of the infringement of a patent is not demurrable because it does not allege that such judgment is final, as, if not final, the trial should be continued until it becomes so.

## Demurrer to Amended and Supplemental Bill of Complaint.

This is a bill in equity for the infringement of letters patent. The bill, among other things, alleges that complainant, on the 7th day of August, A. D. 1895, "filed in this honorable court a declaration in an action at law against one Thomas B. Ross, alleging an infringement by said Ross upon claim 1 of the same letters patent herein sued on, and praying for a judgment against said Ross for damages: that thereafter said Ross duly appeared in said action by counsel learned in the law, and filed an answer therein and a notice of special matter, whereby he denied the validity of said claim of said patent, and denied infringement thereof, and alleged that it was anticipated, and was void for want of invention; that thereafter said action came on regularly for trial, and was tried before this court and jury fully and fairly, upon the issues so framed as above stated, and said jury rendered a verdict in favor of the plaintiff and against the defendant therein, sustaining the validity of said claim 1 of said patent, adjudging an infringement and awarding a certain sum of money as damages; that thereupon a judgment upon said verdict was duly made, given, and entered by this court for said damages, and the further sum of $80.30 costs; that the machine made and used by the defendants herein, and charged to be an infringement of claim 1 of the patent sued on, was and is substantially of the same form, construction, principle, and mode of operation as the machine made and used by said Ross, and found and decided in the action against him to be an infringement of claim 1 of the patent sued on. Said action of Theller against Ross was pressed to judgment as a test case, and, as complainant is informed and believes, pursuant to an agreement between this respondent and one Byron Jackson and the said defendant, Thomas Ross, whereby it was agreed that the three, Hershey, Jackson, and Ross, should stand in together in the defense of the said action of Theller against Ross, and each should contribute one-third of the costs and expenses thereof. Complainant alleges, on his information and belief, that said Jackson was designated and directed to attend to the defense of said action of Theller against Ross on behalf of said three parties; and in pursuance therewith the said Jackson did thereupon proceed to and did employ attorneys and an expert for the defense of said action of Theller against Ross, and this respondent did contribute a third or a large part of the moneys for the defense of said action of Theller against Ross, and the said Jackson, acting on behalf of said Jackson, Ross, and Hershey, did build, or cause to be built, the model of the Ross machine used by defendant in said action of Theller against Ross, and did appear personally in the defense of the said action, and in the active management of the same, and the said attorneys and expert so

employed by said Jackson, Ross, and Hershey did defend said action of Theller against Ross on their behalf pursuant to their said agreement." The respondent demurs to these averments in the bill on the ground that they do not state "any cause of action or suit, or such a case as entitles him to any relief whatsoever against this respondent."

Albert C. Aiken and John H. Miller, for complainant.

J. P. Langhorne, for respondent.

HAWLEY, District Judge (orally). Do the averments in the bill show that the respondent herein was privy to the former action? Are the allegations sufficient to show that respondent would be bound by the judgment in Theller against Ross?

The argument on behalf of respondent is (1) that there is no allegation that he had any such control over the former action as to be bound by any judgment rendered therein; (2) that there is no allegation that the judgment in Theller against Ross is a final judgment. It is not necessary for the complainant to allege in direct terms that the respondent had such control over the former action as to be bound by the proceedings had therein, but he is required to state such facts as will enable the court to determine whether, if true, he is so bound. I am of opinion that the facts stated in the complaint are sufficient. Ordinarily, it is for the court in the trial of a case to determine who are parties and privies. Parties include, not only those whose names appear upon the record, but all others who participate in the litigation by employing counsel, or by contributing towards the expenses thereof, or who, in any manner, have such control thereof as to be entitled to direct the course of proceedings therein. Thus, it is said in 3 Rob. Pat. § 1176: "Where several defendants, by agreement, contest one of the actions in their joint behalf, all become thereby parties to the suit, and are equally concluded by the judgment." The law is well settled that parties and privies include all who are directly interested in the subject-matter, and who had the right to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment. United States & Foreign Salamander Felting Co. v. Asbestos Felting Co., 4 Fed. 816; Miller v. Tobacco Co., 7 Fed. 91, 93; Claflin v. Fletcher, Id. 851; American Bell Tel. Co. v. National Improved Tel. Co., 27 Fed. 663, 665; Eagle Mfg. Co. v. David Bradley Mfg. Co., 50 Fed. 193, 195; Id., 6 C. C. A. 661, 57 Fed. 980, 990, and authorities there cited; Lovejoy v. Murray, 3 Wall. 1, 18; Robbins v. Chicago City, 4 Wall. 657, 672; Walk. Pat. (2d Ed.) § 468.

Applying the rules announced in these authorities, it is evident that, under the allegations in the bill in this case, the respondent must be held to be privy to the action of Theller against Ross in such a sense that he had the right to control the litigation therein. The suppositious case cited by the circuit judge in Miller v. Tobacco Co. is directly in point, and furnishes a conclusive answer to the argument of respondent herein:

"Suppose there is a case, which is understood to be a test case, involving the validity of a patent, or anything else, against a particular individual, but involving a subject-matter concerning which a large number of other persons are equally interested with the particular defendant in that case, and sup-

pose all the parties who are interested, or a number of them, come together, enter into a contract that they will raise a fund to carry on that litigation, that they will unite for the purpose of employing counsel, and combine to carry it on in the name of the party to the record; it seems to me that the persons who, under such a contract as that, actually contribute money for the purpose of carrying on a suit, are authorized to go into that court and use the name of the party to the record in making such motions and taking such steps as are necessary for the protection of their particular interest in it."

The same case also furnishes an answer to the second proposition discussed by counsel: If the judgment in Theller against Ross is final, it would, upon the facts stated in the bill, be conclusive against respondent; if the judgment is not final, the trial of this case might be continued until it became final.

In Robbins v. Chicago City, supra, the court said:

"Conclusive effect of judgments respecting the same cause of action and between the same parties rests upon the just and expedient axiom that it is for the interest of the community that a limit should be opposed to the continuance of litigation, and that the same cause of action should not be brought twice to a final determination."

Demurrer overruled.