STATE OF IOWA

AT

DES MOINES, JANUARY TERM, A. D. 1905.

AND IN THE FIFTY-NINTH YEAR OF THE STATE.

127   1
136  597
136  598

---

THE BANK OF IRWIN v. AMERICAN EXPRESS COMPANY, Appellant.

Express companies: TITLE IN CONSIGNEE: PRESUMPTION. The title
1 to property is presumed to pass to the consignee when deliv-
ered to an express company for transmission, and such pre-
sumption will support an action by the consignee either in tort
or for breach of contract.

Instruction: EXPRESS COMPANY RECEIPT. In a suit against an ex-
2 press company for the value of a package supposed to contain
currency, refusal to instruct that the receipt given by the com-
pany was only *prima facie* evidence of the receipt of the money,
was not error where the court did instruct that there could be

no recovery unless it was shown, that the package contained the money at the time of the delivery.

**Consignor and consignee.** Where an express company undertook to investigate the loss of currency delivered to it for transmission, an act of the consignor touching the investigation of which the consignee had no knowledge, was not binding upon the consignee in a suit against the company to recover the money.

**Evidence:** MORAL CHARACTER: RES GESTÆ. In an action by a consignee against an express company for failure to deliver money consigned to it, evidence of the good moral character of the company's employés was inadmissible; and evidence that the consignor had been losing money through the theft of its employés was also inadmissible where such theft was not part of the transaction in question.

**Evidence:** COMPARISON OF OBJECTS. It was not error to refuse to permit a witness to testify that stains on scraps of paper found in an express package supposed to contain currency were the color of the consignor's bank counters, where it was shown that the stains were from tobacco and that the counters were varnished but no evidence as to how recently, and for the further reason that the jury could make the comparison as well as the witness.

**Nondelivery of money:** VERDICT FOR CONSIGNEE. In an action by a consignee against an express company for the nondelivery of money, where the evidence tends to show that the package contained the currency when delivered to the company for transmission, a verdict for plaintiff cannot be said as a matter of law to be without support although it is also shown that the package when delivered contained only waste paper.

*Appeal from Shelby District Court.*—HON. W. R. GREEN, Judge.

THURSDAY, JANUARY 12, 1905.

SUIT at law to recover the value of a package of money alleged to have been delivered to the defendant at Des Moines, Iowa, for transportation to Irwin, Iowa. The main defense of the express company was that the money was not delivered to it for carriage. There was a trial to a jury, and a verdict

and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*Lyon & Lyon,* for appellant.

*Byers, Lockwood & Byers,* for appellee.

SHERWIN, C. J.—The plaintiff, by letter, requested the Des Moines National Bank to transmit to it by express $2,000 in currency. The evidence tends to prove that the paying teller of the latter bank placed that amount of money in bills of small denomination in an express company envelope, which was afterwards sealed and delivered to the appellant for carriage to the plaintiff at Irwin, Iowa, and that when the package was delivered to the plaintiff it contained nothing but waste paper.

The contention that the plaintiff has not shown itself entitled to maintain this action is without merit. It is admitted that it was the consignee of the package, and the

1. TITLE IN CONSIGNEE: presumption.

presumption is that the title thereto passed to it upon the delivery thereof to the appellant, and such presumption is sufficient to sustain an action by the consignee as owner, either in tort or for breach of contract; and there is nothing in the record which tended to rebut the presumption. *Robinson Bros. & Gifford v. The M. D. T. Co.,* 45 Iowa, 471; 6 Cyc. 511, and cases cited.

The receipt given for the package by the appellant's agent in Des Moines was in evidence, and the appellant asked an instruction to the effect that it was only *prima*

2. INSTRUCTIONS: express company receipt.

*facie* evidence of the receipt of the money, and that it was competent for the defendant to show that the package did not in fact contain any money at the time it was delivered to it. There was no error in refusing the request. The court instructed that the plaintiff could not recover unless it was shown by a preponderance of the evidence that the package contained $2,000 when it was delivered to the appellant in Des Moines.

This instruction was more favorable to the appellant than the one asked, and the receipt was offered for the purpose only of showing that the package was delivered to the appellant.

The admissions of the president of the Des Moines bank could in no way bind the plaintiff, and were properly rejected.

The package which was delivered to the plaintiff at Irwin was soon thereafter taken by the appellant's agents for an investigation of the loss, and while under its control it was left for a short time with the officers of the Des Moines National Bank. It was claimed on the trial that one of the wax seals on the envelope was tampered with while it was so in the possession of that bank, and the appellant asked an instruction which sought to charge the plaintiff with an unfavorable presumption on account thereof. The instruction was rightly refused. There was nothing in the evidence warranting an inference, even, that the plaintiff was in any way connected with such alteration, if it was in fact made.

3. CONSIGNOR AND CONSIGNEE.

All the instructions are assailed, and we cannot notice each separately. A careful examination of them shows that they were full and fair and without error.

During its transmission from Des Moines to Irwin the package was in the possession of many of the appellant's employés, and evidence was offered to prove the good moral character of such employés. We know of no rule justifying its admission in this case. The appellant offered to prove that several months before the transaction in question the Des Moines National Bank had been losing money through the theft of some one of its employés. This testimony was clearly incompetent, and we are cited to no authority holding otherwise. The only theory on which such testimony could possibly be competent in this case would be that the stealings from the bank were a part of the same transaction as the shipment of the money,

4. EVIDENCE: moral character; res gestæ.

and the questions asked and the offer made negative any pretense of this kind.    1 Elliott on Evidence, Sections 152–157, inclusive.    In *Cunnard S. S. Co. v. Kelley*, 115 Fed. 678 (53 C. C. A. 310), relied upon by the appellant, the holding that it was competent to prove that there had been a substitution of goods shipped on another steamship was expressly put on the finding that the two shipments grew out of and were in fact a part of the same transaction.; and we think the case goes to the limit.

Some of the pieces of paper found in the envelope when it was delivered to the plaintiff were stained.    They were exhibited to a witness on the trial, and he was permitted to testify to the color of the panels of the counter in the Des Moines bank, and was then asked if their color was similar to the color of the stain on the paper.    An objection to the question was properly sustained.    In the first place, the witness said that the stain was a tobacco stain, and that the counter was varnished; in the second place, the jury could make the comparison as well as the witness; and, furthermore, there was nothing to indicate that the bank counter had been stained or varnished within twenty years.

5. EVIDENCE: comparison of objects.

Complaint is made of other unimportant rulings on the introduction of testimony, but we find no error therein.    The court was manifestly right in refusing to take the case from the jury.    While there are many circumstances tending to support the contention of the appellant that the money was not delivered to it, and tending to support the testimony of the several agents of the defendant through whose hands the package passed en route to Irwin that it was not taken by them, the evidence tending to prove that the money was in the envelope when it was delivered in Des Moines is of such character that it cannot be said as a matter of law that the verdict lacks support.

6. NONDELIVERY OF MONEY: verdict for consignee.

We have given the entire record careful consideration,

and reach the conclusion that the judgment must be and it is *affirmed*.