## AMERICAN EXPRESS COMPANY, v. DES MOINES NATIONAL BANK, Appellant.

**Express companies:** ACTION FOR LOSS OF PROPERTY: RES JUDICATA.
1  Upon delivery of property to an express company for transportation a presumption arises that title passes to the consignee which will support an action for its loss; but a judgment based thereon in favor of the consignee does not amount to an adjudication of the consignor's agency for the consignee, thus creating a privity which will·bar a subsequent suit by the express company against the consignor for the loss.

**Same.**  A judgment is only binding upon parties or privies to the
2  action.

*Appeal from Polk District Court.*— HON. HUGH BRENNAN, Judge.

WEDNESDAY, MARCH·13, 1907..

REHEARING DENIED, MONDAY, DECEMBER 16, 1907.

THE petition alleges the corporate capacity of each party, the circumstances disclosed in *Bank of Irwin v. American Express Co.,* 127 Iowa, 1, wherein the former recovered judgment for $2,000 alleged to have been delivered to the latter by the defendant herein for transmission to said Bank of Irwin and failure so to do, and the subsequent discovery that the money had never been delivered to plaintiff herein by the defendant, and its ignorance of the fraud practiced by an employé of defendant in in-

serting pieces of paper, instead of money, in the package delivered to plaintiff as money by defendant for transmission to the Bank of Irwin, the payment of said judgment, and prayed for the recovery of the amount so paid. The defendant's answer was in three divisions, the third of which only is involved in this appeal. In that division defendant set up the proceedings and judgment in *Bank of Irwin v. American Express Co.* as an adjudication conclusive on the parties to this action. The plaintiff's demurrer thereto was sustained, and from this ruling the defendant appeals.— *Affirmed.*

*Hager & Powell,* for appellant.

*Lyon & Lyon* and *W. C. Guensay,* for appellee.

LADD, J.— The ruling on the demurrer to the third division of the answer, pleading the proceedings and judgment in *Bank of Irwin v. American Express Co,* 127 Iowa, 1, in bar, is assailed on three grounds. It is contended: (1) That, owing to the relation of defendant to the Bank of Irwin in the transaction, the judgment therein is *res adjudicata* of the issues in this case; (2) that, as the plaintiff was a party to that action, the judgment therein is a verity as to it, and mistake or error therein cannot be made the basis of recovery in this action; and (3) the judgment therein cannot be impeached by either party thereto, owing to the perjury of witnesses on whose evidence the judgment was founded. These propositions will be disposed of in the order mentioned.

I. The petition in *Bank of Irwin v. American Express Company* alleged that the Des Moines National Bank, acting as agent of the Bank of Irwin, delivered a package containing $2,000 to the American Express Company for transmission to the Bank of Irwin, its failure to deliver to the latter, and refusal to pay the same over on demand. The an-

1. EXPRESS COMPANIES: action for loss of property: *res judicata.*

swer put in issue all these averments.   A package purport-
ing to contain such an amount of money was delivered to the
company by the Des Moines Bank for transmission as al-
leged, but, when it reached the Irwin Bank, contained no
money, and the only issue submitted to the jury in that ac-
tion was whether any money was in the package when it
passed from the Des Moines Bank to the express company.
The verdict was against the company on this issue, and, on
appeal from judgment rendered thereon, the appellant con-
tended that, as it did not appear that the Des Moines Bank
acted as the agent of the Irwin Bank, title to the money
was not shown to be in the latter.   The point thus raised
was disposed of in this court by saying that:   " It is ad-
mitted that it [the Irwin Bank] was the consignee of the
package, and the presumption is that title thereto passed to
it upon delivery thereof to the appellant, and such presump-
tion is sufficient to sustain an action by the consignee as
owner, either in tort or for a breach of contract; and there
is nothing in the record which tended to rebut the presump-
tion."   This is a conclusive answer to the extended argu-
ment of appellant that the judgment was based on a finding
that the Des Moines Bank had acted as agent of the Irwin
bank in delivering the package to the company, and there-
fore as privy must be treated the same as though a party
to the litigation.   While such agency was alleged, only
enough was necessarily proven to entitle the Bank of Irwin
to judgment, and, the affirmance of the judgment having
been based on the presumption arising from being consignee,
it follows that there was no final adjudication as to whether
or not the Des Moines Bank acted as agent of the Irwin Bank
in that transaction.

II.   It is urged further that the judgment of the Bank
of Irwin against the plaintiff herein is a verity, and that its

2. SAME.   validity cannot be questioned.   That is true as
between the parties thereto, but it is not bind-
ing on plaintiff in any litigation against any one not a

party or privy. The decisions cited do not indicate otherwise. But one need be noticed. In *Dunlap v. Glidden,* 31 Me. 435 (52 Am. Dec. 625), the defendant had obtained judgment ousting plaintiff from the possession of certain land, and the latter thereafter instituted suit for damages resulting from the loss of the land, alleging that Glidden and others had conspired together to cheat him out of it; that is, Dunlap, without assailing the judgment, sought to recover damages resulting to him by its rendition, and, though others not parties nor privies to the original litigation were made defendants, his claim against them was for damages flowing from this judgment, which, unassailed, must be assumed to have been just. Had the original action against Dunlap been dismissed, an entirely different question would have been presented, for in that event an action might lie for maliciously prosecuting a civil action. But the adjudication was that Glidden was entitled to the land, and therefore the motive in suing for it was immaterial, and those who aided him in procuring a result conclusively presumed to have been just could not be mulcted in damages. No claim is made in this case that any improper methods were resorted to by either the Bank of Irwin or the defendant in procuring judgment against the plaintiff in the former action. On the contrary, it is averred that, subsequent to the rendition of that judgment, the defendant first discovered that the $2,000 supposed to have been delivered to plaintiff was in fact not placed in the package at all, but taken by one of its clerks and appropriated to his own use. Indeed the action of plaintiff is not based on the judgment at all, but upon the payment of money induced by fraud practiced on it by the defendant through an employé. Had the express company voluntarily paid the Bank of Irwin the $2,000 upon its demand without suit, could this have been taken advantage of by the defendant in defense of an action against it based on the facts alleged, i. e., that it had delivered a package purporting to contain that amount of money for transmission

to the Bank of Irwin, and had been credited by the latter bank therewith, when it had not parted with a cent? Certainly not, for these facts, if true, would indicate that a fraud had been practiced on the carrier, and it would be entitled to be recouped for its loss. The fact that payment to the Bank of Irwin was made as a result of a judgment can make no difference. The liability of the defendant is in no way affected by the procedure through which the express company lost its money, so long as it was not a party or privy to that action, and such loss was the proximate result of fraud practiced by the defendant through its agents.

What has been said disposes of the third point. The former judgment is not assailed in this action, and defendant's attempt to avail itself of an adjudication between the Bank of Irwin and plaintiff cannot be upheld. It is not based on any principle to be found in the books, nor is it within any exception to the general rule that an adjudication is conclusive in a subsequent suit between the parties to the former action and their privies only.

The ruling of the court in sustaining the demurrer is approved.— *Affirmed.*