American Express Company, Appellee, v. Des Moines National Bank, Appellant.

**Judgments:** CONCLUSIVENESS: PRINCIPAL AND AGENT.  There are cases in which an agent may plead an adjudication in favor of his principal as a bar to an action against him; but where, as in this case, the defendant bank was the special agent of another bank simply to forward by express a certain sum of currency, and an employee of defendant delivered a package to the express company supposed to contain the currency but upon delivery to the consignee it in fact contained nothing, a judgment against the express company and in favor of the consignee for the amount is not a bar to an action by the express company against the consignor for the deceit of its employee in delivering and obtaining a receipt for the deceptive package as money; as there was no such privity between the consignor and consignee as will support the plea of adjudication.  And a finding in a suit between the consignee and express company contrary to that in the suit between the express company and the consignor, that the currency was not in fact delivered to the express company, would not be of controlling importance.

*Appeal from Polk District Court.*—Hon. James A. Howe, Judge.

Tuesday, November 23, 1909.

Rehearing Denied Tuesday March 15, 1910.

THE facts appear in the opinion.   Order *affirmed.*

*Hager & Powell,* for appellant.

*Lyon & Lyon* and *Guernsey, Parker & Miller,* for appellee.

EVANS, C. J.—This case was before us on a former appeal from an interlocutory order. *American Express Co. v. Des Moines National Bank,* 136 Iowa, 597. In the case of *Irwin Bank v. American Express Co.,* 127 Iowa, 1, the defendant therein (plaintiff herein) was held liable to Irwin for the sum of $2,000, being the supposed contents of a package delivered to the express company by Des Moines National Bank as consignor for the Irwin Bank as consignee. Afterwards this action was brought by the express company against the consignor for damages, on the general ground that fraud and deceit was practiced upon it by one of the employees of said National Bank in fraudulently reporting the contents of such package and obtaining a receipt therefor as containing $2,000, whereas, in fact, it contained no money. As a third division of its answer, the defendant pleaded that it had been adjudicated in the former case that the Des Moines National Bank was the agent of the bank of Irwin, and that the package delivered by it did contain the sum of $2,000, and that the Des Moines National Bank, as such agent, is now entitled to plead the judgment in the former action as an adjudication, and such adjudication was therein pleaded as a complete defense. The plaintiff demurred to this defense. The demurrer was sustained by the lower court. The defendant refused to amend, and stood upon its pleading and appealed to this court, where the ruling of the trial court was affirmed. 136 Iowa, 597. The case being remanded, the defendant amended such third division of its answer, and withdrew

the allegation that its agency was adjudicated, and, in lieu thereof, alleged that it was in fact such agent, and with such amendment it still pleaded the former adjudication. Upon motion of plaintiff the amendment was stricken. The grounds of the motion were based upon the history of the pleading as above stated. From this order the defendant has again appealed.

The case is argued here by appellant on the theory that his amendment to the third defense was sufficient to make the same a good and valid defense. This position is contested by the appellee. The theory of the defendant is that the former opinion of this court only held that there was no adjudication of its agency. Having now alleged such agency, it contends that it now presents a good defense. We think, however, that the opinion on the former case is broader than· is assumed by counsel, and that it holds, in effect, that the adjudication pleaded is not available to the defendant in this case. The questions now presented by the appellant were in fact presented by it on the former appeal, and were duly considered by this court. We have given the question further consideration, and are satisfied with the former conclusion. The argument of the defendant is that it was agent for the Irwin Bank for the remittance of the money by express; that it was adjudicated in the *Irwin Bank* case that the express company had received the money; and that the defendant as agent of the Irwin Bank is entitled to the benefit of such adjudication. The rule invoked by appellant is not so broad and general in its application as is assumed. There are abundant cases wherein agents have been permitted to plead adjudications in favor of their principal as bar to actions against themselves. But the ground upon which such plea is permitted is essentially different from that which exists in this case. The cases cited by appellant's counsel in their brief are illustrative.

*Lea v. Deakin,* 11 Biss. 23 (Fed. Cas. No. 8,154), was a case wherein the plaintiff brought suit to restrain the defendant from infringing an alleged trade-mark. It was shown in defense that the defendant was agent for a principal in the use of the alleged trade-mark, and that the plaintiff had previously sued such principal, and that it had been adjudicated in such suit in a trial on the merits that such principal had a right to the use of the name which he applied to his goods. It was held that this adjudication protected the agent as well as the principal on the theory that what the principal had a right to do by himself he had the same right to do by his agent. *Foust v. City of Huntington,* 113 Ind. 139 (15 N. E. 337), was an injunction suit against a city and its officers to restrain them from committing certain acts. It was held that a former adjudication in an action brought by the plaintiff against the city alone to enjoin the same acts, wherein decree was rendered in favor of the city, was a bar to a second action against the officers of the city; the city being the real party in interest in each case.

*Castle v. Noyes,* 14 N. Y. 329, was a case where the plaintiff sued a master for a trespass committed by a servant. The plaintiff had previously sued the servant, who was defended by the master. After trial on the merits, judgment was rendered in that case for the servant. It was held that this judgment was a bar to a second action for the same trespass against the master.

*Emery v. Fowler,* 39 Me. 326 (63 Am. Dec. 627), was also a trespass case. The plaintiff first sued the master for the trespass of his servant, and was defeated after a trial on the merits. He then sued the servant for the same trespass. It was held that the second suit was barred by the adverse judgment in the first. *Atkinson v. White,* 60 Me. 396, was a controversy between the plaintiff and the defendant over the title to certain logs. The plaintiff held the same by bill of sale and the defendant by a prior

mortgage from a common grantor. Defendant sold some of the logs and warranted the title. Plaintiff sued the defendant's purchaser, and the question of the priority of defendant's right was litigated on the merits of such suit, and the plaintiff was defeated therein. He thereupon brought a second action against the defendant, and it was held that the prior adjudication was a bar.

Bates v. Stanton, 1 Duer (N. Y.) 79-88, was a case where a bailee was permitted to deny the title of the bailor by reason of a prior adjudication in a suit between the bailor and another, wherein it was adjudicated that such other person was the true owner of the goods. It was held that the bailee was bound to respect this adjudication, and that he was protected thereby. Beh v. Bay, 127 Iowa, 246, is a case wherein it was held that an adjudication of the liability of the principal was binding upon the surety.

This brief review of some of the cited cases indicates the general scope of the rule which is invoked by appellant in its own behalf. The rule is not applicable to a state of facts such as are alleged in this case. The defendant was agent of the Irwin Bank only in the sense that it was consignor of the package, and delivered it to the common carrier, which became also the agent of the consignee. Under no circumstances could there be a joint liability of the defendant and the Irwin Bank to the express company. Under the allegations of the answer, defendant was not a general agent of the Irwin Bank, but a special agent directed to do a specific thing, namely, to ship $2,000 in currency by express. Notwithstanding such agency, it sustained also the relation of consignor to the express company as a public carrier. If its employee practiced fraud or deceit upon the plaintiff as charged in the petition, this was quite beyond the scope of its authority as agent for the Irwin Bank. If it failed to deliver the currency to the express company, it did not perform its

agency. If, in lieu of delivering the currency, its employee practiced fraud and deception upon the express company, and thereby obtained a receipt for alleged currency, this was not the act of the Irwin Bank as principal, nor could it be made affirmatively liable therefor. True, such fact was important and decisive in the *Irwin Bank* case, but there was no such privity between the two banks as to make the same adjudication cover both. If the fraud charged in the petition was perpetrated upon the plaintiff, it did not of itself give rise to a cause of action.

The plaintiff's cause of action accrued when it was made liable to the Irwin Bank by reason of the receipt which it gave for the supposed currency, and which receipt was obtained from it by the alleged fraud. In that sense the cause of action in favor of the plaintiff arose after the adjudication which is now attempted to be pleaded as a bar. It is true that it was necessarily found in the *Irwin Bank* case that the express company had received the money from the Des Moines Bank. If it should now be found upon a trial of this case that it had not received the money, the findings in the two trials would be inconsistent. But this consideration is not controlling. It is often true that a litigant may be able to prove a fact as against one party, and fail to prove it as against another. Such inconsistencies arise out of the exigencies of proof and trial. Evidence is sometimes available as against one party to a litigation which is not available as against another. An illustration of that fact is furnished here. It appears from our former opinion in the *Irwin Bank* case that on the trial below the express company offered in evidence certain admissions of the president of the Des Moines Bank, and of certain acts of its employees, and this evidence was rejected on the ground that such admissions and such acts were not binding upon the Irwin Bank. Such objection would not be available against the express company in a suit between it and

the present defendant. It is manifest that that case was tried on the theory that the Des Moines Bank, defendant herein, was not in privity with the plaintiff therein. Our conclusion, therefore, is that the alleged agency pleaded did not create such privity between the two banks as to entitle the defendant herein to plead the adjudication in the former case as a bar against this action.

In considering the legal sufficiency of this affirmative defense, we have necessarily taken into consideration the allegations of the petition against which it is interposed as a defense.

The order of the trial court is *affirmed.*