McCAIN, Judge.
Appellants-plaintiffs appeal from an amended final summary judgment in favor of appellees-defendants. We reverse.
Following approval by the zoning board of the City of Fort Lauderdale of a site plan for construction of apartment complexes, the plaintiffs, as property owners of adjoining lands, filed suit for declaratory and injunctive relief, claiming illegality in the approval of the plan, usurpation of the zoning authority and assertion of the right to appeal to the city commission. After reaching issue, defendants filed a motion for summary judgment on grounds that the builder was not joined in the suit and that the final building permit had been issued. In the amended final summary judgment granting the motion, the court reasoned:
“ * * * [Ujnder the provisions of Chapter 86, Florida Statutes [F.S.A.], Section 86.091, it is provided that no declaration shall prejudice the rights of persons not parties to the proceedings and it is patent from the pleadings herein that Cedar Lane Developers, Inc., a Florida corporation, is a person whose rights would be prejudiced by any declaration. * * * ”
*531 The court apparently assumed it could not make an adjudication herein since the builder was not a party. We do not agree.
We do agree, however, that Section 86.-091, F.S.1967, F.S.A., permits all persons to be made parties who have or claim any interest which would be affected by any declaration, and that no declaration shall prejudice the rights' of persons not parties to the proceedings.
Cedar Lane Developers, Inc. has an interest in the subject matter of this litigation, and under the authority of F.R.C.P. 1.250(c), 30 F.S.A. could have been added as a party to this cause by the court on its own initiative or on motion of any party at any stage of the action.and on just terms.
Accordingly, we reverse and remand this cause with instructions for entry of an appropriate order under F.R.C.P. 1.250(c) permitting the builder to be added as a party. This is not to be construed as determinative in any manner of the merits of this cause.
WALDEN and REED, JJ., concur.