521 So.2d 299 (1988)
Gonzalo M. LAGE and Gonzalo R. Lage, Appellants,
v.
Angel BLANCO, Jr., Norma Blanco, and Security Underwriters, Inc., Appellees.
No. 86-2582.
District Court of Appeal of Florida, Third District.
March 8, 1988.
*300 Eliot R. Weitzman, Miami, for appellants.
J. Randolph Lipscomb, Miami, for appellees.
Before HUBBART, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
The question presented is whether the court, for the purpose of assessing fees pursuant to section 57.105, Florida Statutes (1985), for bringing a frivolous lawsuit, may substitute as parties the attorneys filing the action where the attorneys brought and bitterly maintained the suit in the name of corporations without the corporations' authorization.
Appellants, practicing attorneys, filed a lawsuit in the name of two corporations against two of the corporations' employees alleging breach of fiduciary duty, lost corporate opportunity, misappropriation of trade secrets, defamation, tortious interference with business relationships, conversion and civil conspiracy. The case was dismissed after it was established that the suit was brought without the corporations' authorization or knowledge. In the order of dismissal the court found a complete absence of any justiciable issue of law or fact and reserved jurisdiction to enter an award of attorneys' fees against the appellant-lawyers.
Several months later the court granted the appellees' motion to add the attorneys as third-party defendants for the purpose of assessing fees and costs. After notice and a hearing, a judgment for fees and costs was entered in the amounts of $22,500 and $1,197.50 respectively.
As a main point on appeal the appellants contend that the court had no jurisdiction over them to tax fees and costs because they were not named parties and because the court lost subject matter jurisdiction to add them as parties after judgment was entered. Appellants also argue that they could not be added as third-party defendants after judgment because there was never a third-party claim.
In its broadest meaning, the word party includes one concerned with, conducting, or taking part in any matter or proceeding, whether he is named or not. Fong Sik Leung v. Dulles, 226 F.2d 74, 81 (9th Cir.1955). "Parties include, not only those whose names appear upon the record, but all others who participate in the litigation by employing counsel, or by contributing towards the expenses thereof, or who, in any manner, have such control thereof as to be entitled to direct the course of [the] proceedings... ." Theller v. Hershey, 89 F. 575 (C.C.N.D.Cal. 1898). By those standards the appellants were the only real plaintiffs in the case.
"Parties may be added by order of court on its own initiative or on motion of any party at any stage of the action and on such terms as are just." Fla.R.Civ.P. 1.250(c). The liberal rule permits the adding of parties by name even after a judgment is entered, where required by the equities. See Field v. City of Fort Lauderdale, 227 So.2d 530 (Fla. 4th DCA 1969) (case remanded after appeal from final judgment with directions to add interested party pursuant to rule 1.250(c)).
We agree that the appellants could not be added as third-party defendants after judgment because there was never a third-party claim and because their presence in the litigation was at all times as plaintiffs. Nevertheless, the result would be the same if they are added, as they should have been, as unsuccessful plaintiffs. *301 The order on review is modified accordingly.
Affirmed as modified.