RAMIREZ, J.,
(concurring).
I concur with the majority that we should affirm. I write only to address the dissent.
The trial court found that the eo-trus-tees in this case had improperly removed funds from the trust to themselves. The court therefore entered a personal judgment against them to return the funds. The dissent would have the appellee file a separate claim against the individuals, serve them with process and commence a new civil procedure, with an answer and a new trial, on a case pending since 2005. The problem with that logic is that Michelle Jacobson and Aline Sklaire did not acquire the funds from the trust through some independent tort. They acquired the funds because they, as co-trustees, transferred the money to themselves.
Our case is totally different from Fidelity-Philadelphia Trust Co. v. Ball, 208 So.2d 282 (Fla. 3d DCA 1968). There the trustees sued the defendants to recover upon a guarantee on a promissory note. The defendants then sought to counterclaim against the trustees, individually, even though the trustees were only before the court in their representative capacities. Here, the co-trustees were defendants charged with improperly withholding a distribution called for under the trust instrument. As a prevailing party, the beneficiary was entitled to attorney fees, and “the court in its discretion, may direct payment from a party’s interest, if any, in the trust or enter a judgment that may be satisfied from the other property of the party, or both.” § 736.1004(2) Fla. Stat. (2007). The co-trustees, in their pleadings, requested the trial court award fees under this section’s predecessor statute. As the trustees could expect to be awarded fees in defense of their duties under the trust instrument, they could also expect to be required to pay back the trust if they did not win and were found to have acted wrongly. Here, the very monies at issue were taken from the trust res. The reason the trustees appeal is because their efforts exhausted the trust res and could not satisfy the attorney fee award. This is not a separate cause of action for which service should be necessary.
It is not unprecedented to require participants in litigation who are not named parties to face the consequences of their *230 conduct. In Visoly v. Security Pacific Credit Corp., 768 So.2d 482, 489 (Fla. 3d DCA 2000), we stated:
A “party” is defined under Florida law as any person who participates in litigation regardless of whether or not actually named in the pleadings:
[The] word party includes one concerned with, conducting, or taking part in any matter or proceeding, whether he is named or not. Fong Sik Leung v. Dulles, 226 F.2d 74, 81 (9th Cir.1955). ‘Parties include, not only those whose names appear upon the record, but all others who participate in the litigation by employing counsel, or by contributing towards the expenses thereof, or who, in any manner, have such control thereof as to be entitled to direct the course of [the] proceedings.... ’ Theller v. Hershey, 89 F. 575 (C.C.N.D.Cal.1898).
Lage v. Blanco, 521 So.2d 299, 300 (Fla. 3d DCA 1988) review denied, 531 So.2d 1354 (Fla.1988). See also, ECOS, Inc. v. Brinegar, 671 F.Supp. 381 (M.D.N.C.1987)(applicant for intervention who participates in proceedings may be treated as a party even though no formal order granting intervention has been entered); Florida Ass’n of Nurse Anesthetists v. Dep’t of Prof. Reg., 500 So.2d 324 (Fla. 1st DCA 1986)(association which filed response and memorandum of law in administrative proceedings was a “party” to proceedings); Kaiser Aerospace and Electronics Corp. v. Teledyne Indus., Inc., 229 B.R. 860 (S.D.Fla.1999)(a participant in a confirmed reorganization plan who has a direct interest in the subject matter is considered a “party”).
The above detailed facts clearly reflect the Visolys were “parties” in this litigation. By initiating numerous legal proceedings and filing countless documents in court, the Visolys personally, and through their counsel, clearly participated in the litigation and contributed to the expenses thereof. The record thus supports the trial court’s finding that the Visolys were “parties.” See Lage v. Blanco, 521 So.2d at 299.
Here, where Michelle Jacobson and Aline Sklaire were the beneficiaries of the remainder in the trust and participated in this litigation for over seven years, making unauthorized transfers to themselves from the trust, and consequently they were “parties” so as to make them individually liable.
Accordingly, I see no jurisdictional problem with the trial court’s order.