547 So.2d 255 (1989)
300 PINE ISLAND ASSOCIATES, LTD., a Florida Limited Partnership, by and through Its General Partner, Allen I. Morris, Appellant,
v.
STEVEN L. COHEN & ASSOCIATES, P.A., a Florida Corporation, Appellee.
No. 88-3078.
District Court of Appeal of Florida, Fourth District.
July 26, 1989.
Kenneth W. Shapiro of Berger, Blasi & Shapiro, P.A., Fort Lauderdale, for appellant.
Michael W. Moskowitz and Morgan R. Rood of Borkson, Simon & Moskowitz, P.A., Fort Lauderdale, for appellee.
POLEN, Judge.
Appellant had obtained a default judgment against an entity known as "Steven L. Cohen, Architect, P.A." in an action for past due rent under a lease. Thereafter, appellant filed a substantially similar complaint against appellee, Steven L. Cohen & Associates, P.A., seeking to recover the amount of the judgment that was obtained in the prior action. Although appellant's counsel had taken a deposition of the principal of the defendant in the prior case, appellant did not pursue any of the enforcement proceedings against said defendant as provided in Florida Rule of Civil Procedure 1.570 and section 56.29, Florida Statutes (1987).
Appellee filed a motion to dismiss the complaint in the second lawsuit, alleging, inter alia, failure of appellant to follow the remedies in rule 1.570 and section 56.29, as well as other pleading deficiencies in the complaint. The trial court granted the motion to dismiss without leave to amend. We hold that in this regard, the trial court erred.
While appellant certainly had available to it the provisions of Florida Rule of Civil Procedure 1.570 and section 56.29, Florida Statutes (1987), as well as the remedy of an impleader action under the case law[1], it appears that appellant, if properly given leave to amend, could have stated a valid cause of action against appellee. Appellant's theory in the instant action, which on remand appellant must properly plead and prove, consists of the following elements: (1) the existence of a valid, unsatisfied judgment obtained by appellant in a prior action; (2) that for good cause, appellant has a reasonable belief that there are no assets nor sources of income from which appellant would be able to obtain satisfaction of said judgment from the judgment debtor; (3) that the present defendant is the "buying successor" of the judgment *256 debtor, the "selling predecessor" to the instant defendant. The viability of such a proceeding was recognized in Orlando Light Bulb Service, Inc. v. Laser Lighting and Electrical Supply, Inc., 523 So.2d 740 (Fla. 5th DCA 1988). Although the district court in Orlando found the evidence was insufficient to sustain the plaintiff's theory, it was obviously permitted to go beyond the pleading stage. There the relationship between the predecessor and successor companies was claimed to be a "de facto merger" and a mere continuation of the predecessor's business. A test for the existence of such a relationship was pointed out by the Orlando court in footnote 1.
A de facto merger occurs when one corporation is absorbed by another, i.e., there is a continuity of the selling corporation evidenced by such things as the same management, personnel, assets, location and stockholders. Arnold Graphics Industries, Inc. v. Independent Agent Center, Inc., 775 F.2d 38 (2d Cir. 1985). The finder of fact may look to any other factors reasonably indicative of commonality or of distinctiveness. "The bottom-line question is whether each entity has run its own race, or whether there has been a relay-style passing of the baton from one to the other." Oman International Finance Ltd. v. Hoiyong Gems Corp., 616 F. Supp. 351, 361 (D.C.R.I. 1985).
We would caution the trial bar not to interpret this decision as a "green light" for judgment creditors to bypass utilization of Florida Rule of Civil Procedure 1.570 and section 56.29, Florida Statutes (1987) in search of a "deeper pocket." On the other hand, limited to the factual setting set forth in appellant's complaint and the elements enumerated above, there appears to be no prohibition against appellant's proceeding against this appellee, assuming appellant's amended complaint can cure the pleading defects, once given leave to so amend. As an aside, we would further note that judicial economy might best be served by consideration of consolidation of this action with the prior lawsuit.
In any event, we reverse and remand for further proceedings consistent with this opinion.
HERSEY, C.J., and GARRETT, J., concur.
NOTES
[1] Cf. Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984).