RAMIREZ, C.J.
 

 Mohammed Abu-Ghazaleh, IAT Group, Inc., Fresh Del Monte Produce, Inc., Eduardo R. Bours, and Grupo Empresarial Agrícola Mexicano S.A. de C.V. (collectively referred to as “Abu-Ghazaleh”) appeal the trial court’s denial of their motion for attorney’s fees and costs against appel-lees William A. Van Diepen and CSI Financial Investments Company, Inc. We reverse the trial court’s denial of the motion for attorney’s fees because we conclude that Van Diepen and CSI are liable for attorney’s fees and costs, and remand to the trial court to determine the amount.
 

 I. Factual Background
 

 The underlying case arose from a transaction in which a Mexican corporation, Grupo Empresarial Agrícola Mexicano, sold its shares of two subsidiary companies, Fresh Del Monte Produce N.V. and Global Reefer Carriers Ltd., to Abu-Gha-zaleh. The shareholders in the Mexican corporation, plaintiffs below, claimed a de facto interest in the parent company’s ownership of the shares. They alleged that Abu-Ghazaleh committed civil theft and conspiracy to commit civil theft. Around September of 2002, prior to the start of litigation, the plaintiffs entered into an agreement with Van Diepen and
 
 *693
 
 CSI. Neither Van Diepen nor CSI were named parties to the litigation. Van Diepen, however, financed and controlled the litigation. He was to receive 18.33% of any award the plaintiffs received plus reimbursement for the expenses of the case. Additionally, Van Diepen had to approve the filing of the lawsuit; controlled the selection of the plaintiffs’ attorneys; recruited fact and expert witnesses; received, reviewed and approved counsel’s bills; and had the ability to veto any settlement agreements. Van Diepen even paid $13,000 for the medical expenses of plaintiffs’ main witness.
 

 After the jury returned a verdict in favor of Abu-Ghazaleh, defendants motioned for attorney’s fees and costs under sections 57.041, 768.79, and 772.11, Florida Statutes (2007). Abu-Ghazaleh argued that they were entitled to attorney’s fees and costs because the plaintiffs’ civil theft claims lacked substantial legal support. Abu-Ghazaleh also filed a similar motion against Van Diepen and CSI. The trial court entered judgment consistent with the jury’s verdict. The plaintiffs thereafter appealed the final judgment to this Court, and the trial court stayed the motion for attorney’s fees and costs pending the outcome of the appeal.
 
 See Chaul v. Abu-Ghazaleh,
 
 994 So.2d 465 (Fla. 3d DCA 2008).
 
 [1]
 

 Abu-Ghazaleh also filed a motion for discovery against Van Diepen and CSI to determine the level of their involvement in the litigation. After holding argument on Abu-Ghazaleh’s motions, the trial court denied all three motions. The denial of these motions forms the basis of this appeal.
 

 II. Legal Analysis
 

 A. Attorney’s Fees Issue
 

 Abu-Ghazaleh appeals the denial of their motion for attorney’s fees against Van Diepen and CSI. To recover fees, Abu-Ghazaleh must prove that the non-named plaintiffs, Van Diepen and CSI, were “parties” within the meaning of sections 57.041, 768.79, and 772.11 of Florida Statutes (2007) for attorney’s fees. Van Diepen and CSI argue that because they were not parties to the litigation, they cannot be liable for attorney’s fees to Abu-Ghazaleh. Abu-Ghazaleh argues that under the terms of the financial agreement, Van Diepen inserted himself into the litigation.
 

 To prove their entitlement to attorney’s fees under the civil theft statute, Abu-Ghazaleh must show that the civil theft suit “was without substantial fact or legal support.” § 772.11, Fla. Stat. (2007). We agree with Abu-Ghazaleh’s argument that this Court’s holding in
 
 Chaul
 
 that the shareholders lacked standing meets this burden.
 
 See Chaul,
 
 994 So.2d at 466. Van Diepen and CSI contend that they cannot be liable because they did not file the suit.
 

 Abu-Ghazaleh must also show that they presented Van Diepen and CSI with an offer of judgment to recover under section 768.79, Florida Statutes (2007). Van Diepen and CSI argue that the statute is inapplicable because Abu-Ghazaleh never presented them with such an offer.
 

 1. The Party Status Issue
 

 We disagree that Van Diepen’s and CSI’s involvement in the litigation does not rise to the level of “party” status.
 
 *694
 
 This Court has previously stated that a “party” “is defined under Florida law as any person who participates in litigation regardless of whether or not [the party is] actually named in the pleadings.”
 
 Visoly v. Security Pac. Credit Corp.,
 
 768 So.2d 482, 489 (Fla. 3d DCA 2000).
 

 “[T]he word
 
 party
 
 includes one concerned with, conducting, or taking part in any matter or proceeding, whether he is named or not.
 
 Fong Sik Leung v. Dulles,
 
 226 F.2d 74, 81 (9th Cir.1955). ‘Parties include, not only those whose names appear upon the record, but all others who participate in the litigation by employing counsel, or by contributing towards the expenses thereof, or who, in any manner, have such control thereof as to be entitled to direct the course of the proceedings ... ’
 
 Theller v. Hershey,
 
 89 F. 575 (C.C.N.D.Cal.1898).”
 
 Lage v. Blanco,
 
 521 So.2d 299, 300 (Fla. 3d DCA 1988) (emphasis in original) (also cited by
 
 Visoly,
 
 768 So.2d at 489).
 

 Van Diepen and CSI clearly have risen to level of a party. The agreement stated that Van Diepen and CSI had to approve counsel for the plaintiffs. The litigation costs were paid for pursuant to the agreement. They had veto power over whether the litigation was filed, who would file it and how it would be pursue. Van Diepen even paid $13,000 worth of expenses for one of plaintiffs main witnesses. Further, the agreement allowed for Van Diepen and CSI to have the final say over any settlement agreements proposed to the plaintiffs. In return for funding the suit, Van Diepen was to receive 18.33% of any sum awarded to the plaintiffs. All of these facts point to the fact that Van Diepen indeed had “such control thereof as to be entitled to direct the course of the proceedings” and was a party to the suit.
 
 Id.
 

 Despite Van Diepen’s arguments to the contrary,
 
 Visoly
 
 and
 
 Lage
 
 are not distinguishable from the present facts. In both cases, this Court had to determine at the onset whether or not the non-named plaintiffs were parties for purposes of recovering attorney’s fees under section 57.105, Florida Statutes.
 
 Lage,
 
 521 So.2d at 300;
 
 Visoly,
 
 768 So.2d at 489. Van Diepen argues that the cases are distinct to section 57.105 motions. However, this Court first ruled that the non-named plaintiffs were indeed parties. Only then did we address the issue of attorney’s fees. We find no difference between section 57.105 attorney’s fees and those Abu-Ghazaleh requested in this case. Thus, we conclude that Van Diepen and CSI were indeed “parties” in the underlying litigation.
 

 2. The Civil Theft Issue
 

 We further conclude that Abu-Gha-zaleh has shown that they are entitled to attorney’s fees under the civil theft statute. The civil theft statute states that the defendant “is entitled to recover reasonable attorney’s fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support.” § 772.11, Fla. Stat. (2007). To recover under this section, the defendants must show that the plaintiffs, and through them Van Diepen and CSI, filed a civil theft claim that was without “substantial legal support.” § 772.11, Fla. Stat. (2007).
 

 When the Mexican plaintiffs appealed to this Court, we reversed the trial court’s denial of the motion for summary judgment as the plaintiffs did not have standing to bring the case.
 
 See Chaul,
 
 994 So.2d at 466. The defendants argue, and we agree, that because the plaintiffs never had standing to bring the civil theft case, they “raised a claim that was without substantial legal support.” As such, the Mexi
 
 *695
 
 can plaintiffs are liable under the civil theft statute for attorney’s fees and costs.
 

 Van Diepen and CSI are likewise liable for the attorney’s fees incurred when they filed a civil theft suit that lacked substantial legal support. As we have already discussed, Van Diepen and CSI are also parties to the litigation.
 

 3. The Offer of Judgment
 

 We agree with Van Diepen and CSI that section 768.79, Florida Statutes (2007), upon which Abu-Ghazaleh also sought fees, does not apply in this case. That section involves the issue of attorney’s fees after the defendant makes an offer of judgment and the plaintiff rejects the offer.
 

 The statute provides that “the offer shall be served upon the party to whom it is made.” § 768.79, Fla. Stat. (2007). Here, Abu-Ghazaleh made an offer to the named plaintiffs, but never served Van Diepen or CSI with the offer. Neither Van Diepen nor CSI were named or apportioned an amount in the offer of settlement as the statute prescribes.
 

 For these reasons, we find that Abu-Ghazaleh did not comply with the requirements of section 768.79 and cannot collect attorney’s fees under this section. Abu-Ghazaleh can still recover attorney’s fees, however, under the civil theft statute as we have addressed above.
 

 B. Discovery Issue
 

 We now turn to the issue of whether the trial court should have granted Abu-Ghazaleh’s motion for discovery. We conclude that there is no need for additional discovery because the financial agreement between Van Diepen and the named plaintiffs sufficiently established that Van Diepen was a party under Florida law for the purposes of attorney’s fees and costs incurred in the litigation.
 

 III. Conclusion
 

 For the above stated reasons, we reverse the trial court’s denial of the defendants’ motion for attorneys’ fees and costs and remand for a determination as to the amount of fees. Because we believe that there was enough evidence in the record, we do not believe additional discovery is necessary.
 

 Reversed and remanded.
 

 [1]
 

 . This Court ruled that the trial court should have granted Abu-Ghazaleh's motion for summary judgment. We also granted the defendants' cross-appeal of the trial court’s dismissal of its motion for summary judgment and determined that the plaintiffs lacked standing to bring the suit in the first place, and that the trial judge should have granted summary judgment for the defendants.