SUAREZ, J.
Jacob Sklaire died in 2004. He created the Jacob Sklaire Trust, in which he gifted to his wife, Joyce [the Beneficiary], $475,000. At his death, the Trust contained approximately $636,000. Michelle and Aline, daughters, are Co-Trustees and remainder beneficiaries of the Jacob Sklaire Trust. After Jacob died, the Co-Trustees refused to distribute the gift to the Beneficiary, who then filed a complaint to compel distribution of the gift from the Trust. The Co-Trustees answered, asserting defenses of lack of capacity, undue influence and fraud, and counterclaimed for funds allegedly wrongfully taken by the Beneficiary from trust assets during Jacob’s life. The trial court denied the affirmative defenses and dismissed the counterclaim with prejudice. The Beneficiary prevailed at trial, and the trial court awarded her costs and fees from the Trust. The Co-Trustees appealed the final judgment and this Court affirmed.[1]
The Co-Trustees thereafter agreed to an order taxing the Beneficiary’s costs against the Trust, and agreed to pay the Beneficiary’s attorney’s fees from the Trust. The Co-Trustees had, however, without court approval paid their own attorney’s fees out of the same Trust during the course of the litigation, counterclaim and appeal, leaving less than necessary to pay the Final Judgment and orders on attorney’s fees and costs. The Beneficiary filed motions to compel payment, and moved to hold the Co-Trustees personally liable for the amounts, asserting breach of fiduciary duty. The trial court awarded the Beneficiary’s appellate fees and costs against the Trust and deferred ruling on the Co-Trustees’ individual liability.
The bulk of the money that was improperly diverted from the Trust was ultimately repaid by the Co-Trustees’ original law firm, and by the Co-Trustees themselves. There were, however, insufficient funds left in the Trust to completely satisfy a balance of about $112,000 remaining from *229 the original amounts ordered repaid, i.e., what was improperly removed from the Trust originally, plus attorney’s fees, plus post-judgment interest. Following an evi-dentiary hearing, the trial court rendered the order on appeal here, which found that the Co-Trustees in this breach of trust action were jointly and severally liable to the Beneficiary for attorney’s fees and costs pursuant to sections 737.627,[2] and 736.1004, Florida Statutes (2011).[3] Finding no error, we affirm.
Affirmed.
RAMIREZ, J., concurs.

. Jacobson v. Sklaire, 985 So.2d 1224 (Fla. 3d DCA 2008).

. § 737.627, Repealed by Laws 2006, c.2006-217, which related to costs and attorneys’ fees, was derived from Laws 1993, c. 93-257, § 16 and Laws 2003, c.2003-154, § 19. See, now, Fla. Stat. § 736.1004.

. § 736.1004 Fla. Stat. (2011):
(l)(a) In all actions for breach of fiduciary duty or challenging the exercise of, or failure to exercise, a trustee's powers; and
(b) In proceedings arising under ss. 736.0410-736.0417, the court shall award taxable costs as in chancery actions, including attorney fees and guardian ad litem fees.
(2) When awarding taxable costs under this section, including attorney fees and guardian ad litem fees, the court, in its discretion, may direct payment from a party’s interest, if any, in the trust or enter a judgment that may be satisfied from other property of the party, or both.