# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2153
Lower Tribunal No. 00-25711
_____

## Miccosukee Tribe of Indians of South Florida, etc.,
Appellant,

vs.

## Carlos Bermudez, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Ronald Dresnick, Judge.

Bernardo Roman III; Yesenia Lara and Yinet Pino; Daniel Davis, for appellant.

Carlton Fields Jorden Burt, P.A., and Nancy C. Ciampa, Jack Reiter and Paul A. Calli; John G. Crabtree and George R. Baise, Jr., and Ramon M. Rodriguez, for appellees.

Before SALTER, LOGUE, SCALES, JJ.

LOGUE, J.

The Miccosukee Tribe of Indians of South Florida appeals from a final judgment of $4.1 million. We reverse.

**FACTS AND PROCEDURAL HISTORY**

This matter began when Carlos Bermudez sued two members of the Tribe, Tammy Gwen Billie and Jimmie Bert, for damages resulting from a tragic automobile accident in which a car driven by Billie and owned by Bert crashed into Bermudez's car, killing Bermudez's wife and injuring Bermudez and his son. Following a jury verdict, a final judgment was entered against Billie and Bert for $3.177 million on August 5, 2009. The Tribe was not a party when the final judgment was entered. Bermudez has yet to collect the judgment as Billie and Bert assert they have no assets.

Several years after the first final judgment was entered, Bermudez filed a motion to add the Tribe as a judgment debtor in the matter because the Tribe had funded and guided Billie and Bert's defense in the lawsuit. The Tribe objected on several grounds, including sovereign immunity. Following an evidentiary hearing, the trial court entered an order granting Bermudez's motion. On July 9, 2013, the trial court accordingly entered a second final judgment in favor of Bermudez and solely against the Tribe for the full amount of the original final judgment, plus interest, for a total judgment of just over $4.1 million. That final judgment did not

2

reference the earlier final judgment against Billie and Bert which remains in effect. This appeal followed.

## ANALYSIS

Bermudez asserts that the Tribe, although not a party to the tort lawsuit when the case was tried and the first judgment entered, may be added as a party and held liable to pay the damages awarded against Billie and Bert because the Tribe funded and guided Billie and Bert's defense. Bermudez relies upon three lines of authority in making this argument.

The first line of authority relied upon by Bermudez involves issue preclusion. Bermudez notes that several cases from outside Florida have held that a person who funded and guided litigation, although not a party, may be estopped from attempting to re-litigate the issues decided in the litigation. See Watts v. Swiss Bank Corp., 265 N.E.2d 739 (N.Y. 1970) (holding an executor of will in New York was bound by a decision of a French court as res judicata where the executor had hired counsel and controlled in part the defense in the French court); Theller v. Hershey, 89 F. 575, 576-77 (C.C.N.D. Cal. 1898) (holding a nonparty to a patent infringement suit who funded an unsuccessful challenge to a patent could not file a subsequent lawsuit again challenging the patent). For a discussion of when issue preclusion applies to nonparties under federal law, see Taylor v. Sturgell, 553 U.S. 880 (2008). Without deciding whether these cases reflect the

3

law of Florida, these cases merely preclude nonparties from re-litigating specific issues that were decided adversely to their interests; they fall far short of holding that a nonparty can be made affirmatively liable for a final judgment of the tort damages entered against another.

The second line of authority consists of a single case that held trustees to a trust were individually liable for the attorney's fees and costs of the beneficiary of the trust who was forced to sue for a distribution of the trust's assets. In Jacobson v. Sklaire, 92 So. 3d 228 (Fla. 3d DCA 2012), the trustees were party to the suit in their fiduciary capacity and had wrongfully removed assets from the trust to pay their own attorney's fees. The trustees were ordered to return the funds. Moreover, when the amount wrongfully removed proved insufficient to pay all of the beneficiary's costs and fees, the trustees were held to be individually liable for the remainder. That case is readily distinguishable from the instant case in that the trustees had appeared in the lawsuit, albeit in their fiduciary capacity, and the decision held them liable only for attorney's fees that resulted, at least in part, from their wrongful conduct of removing assets from the trust that was the subject of the lawsuit. It does not hold a nonparty liable for an underlying judgment.

The main line of authority relied upon by Bermudez consists of a series of cases from this court holding that a nonparty to litigation who funds and controls vexatious litigation can be deemed a party for purposes of paying costs and

4

attorney's fees. See Abu-Ghazaleh v. Chaul, 36 So. 3d 691 (Fla. 3d DCA 2009) (attorney's fees under civil theft statute); Visoly v. Sec. Pac. Credit Corp., 768 So. 2d 482 (Fla. 3d DCA 2000) (attorney's fees under section 57.105, Florida Statutes); Lage v. Blanco, 521 So. 2d 299, 300 (Fla. 3d DCA 1988) (holding attorneys deemed parties for purposes of paying attorney's fees resulting from frivolous lawsuit they filed without client's authority). These cases deal only with attorney's fees for vexatious litigation; they do not address, much less support, the contention that a third party to litigation can be liable for a tort judgment against someone else.

Bermudez, however, places great emphasis on some broad language that appeared in these cases, namely:

> The word party includes one concerned with, conducting, or taking part in any matter or proceeding, whether he is named or not. Parties include, not only those whose names appear upon the record, but all others who participate in the litigation by employing counsel, or by contributing towards the expenses thereof, or who, in any manner, have such control thereof as to be entitled to direct the course of the proceedings.

Abu-Ghazaleh, 36 So. 3d at 694 (internal citations, quotations, and alterations omitted); see also Visoly, 768 So. 2d at 489 (same); Lage, 521 So. 2d at 300 (same). In the context of the holdings of the cases, this language means no more than a person can be deemed a party for the purposes of paying attorney's fees that

5

result from vexatious or wrongful litigation he or she funded and controlled, even if he or she is not a named party.

As a matter of public policy, we have concerns about the unintended consequences of Bermudez's theory. His theory would extend liability in a manner that would punish people for helping others defend themselves against a lawsuit. Under Bermudez's theory, for example, a parent could be held liable for the tort of a grown child if the parent gave money or advice to help the child defend herself when sued. Partners in a limited liability company, shareholders in a corporation, or a parent corporation could find themselves similarly liable. Acceptance of such a theory would chill behavior that society previously viewed as benign and would upend existing legal relationships. Because it lacks support in law or policy, we reject Bermudez's theory.

This is the tenth time this case has come before this tribunal.[1] In the final analysis, we are sympathetic with the frustration that the Bermudez family may

---

[1] Miccosukee Tribe of Indians of S. Fla. v. Bermudez, No. 3D13-2153 (Fla. 3d DCA July 2, 2014); Bermudez v. Bert, 108 So. 3d 1099 (Fla. 3d DCA 2013); Bermudez v. Bert, 122 So. 3d 377 (Fla. 3d DCA 2013); Miccosukee Tribe of Indians of Florida v. Tein, 97 So. 3d 234 (Fla. 3d DCA 2012); Bert v. Bermudez, 95 So. 3d 274 (Fla. 3d DCA 2012), reh'g denied (Aug. 9, 2012); Miccosukee Tribe of Indians of Florida v. Bermudez, 92 So. 3d 232 (Fla. 3d DCA 2012), reh'g denied (July 19, 2012), review denied, 114 So. 3d 935 (Fla. 2013); Bert v. Bermudez, 86 So. 3d 1127 (Fla. 3d DCA 2012); Bermudez v. Bert, 37 So. 3d 374 (Fla. 3d DCA 2010); Billie v. Bermudez, 26 So. 3d 591 (Fla. 3d DCA 2010); Bermudez v. Bert, No. 3D09-475 (Fla. 3d DCA Oct. 7, 2009).

justly feel because the family's attempts to collect its judgment have been thwarted. And, when the Tribe could have simply paid the judgment for its tribal members and recouped the funds by a gradual and incremental assessment over time against tribal distributions made to Billie and Bert, we may wonder at the wisdom of the Tribe in squandering legal fees and community goodwill in amounts that exceed the money required simply to pay the judgment. No law, however, supports Bermudez's claim. A nonparty cannot be added to a lawsuit after a jury trial has been conducted and a final judgment has been entered in order to hold the nonparty liable to pay the tort damages awarded against another merely because the nonparty funded or assisted in the defense of a lawsuit.

Because Bermudez has not established some cognizable legal basis to add the Tribe as a judgment debtor, we need not address the Tribe's claim of sovereign immunity.

Reversed and remanded.