ON MOTION TO REVIEW ORDER TAXING COSTS

LOGUE, J.
In this matter, we consider whether a court registry fee charged by the clerk of the circuit court qualifies as a taxable cost under Florida Rule of Appellate Procedure 9.400(a)(4). We hold that it does.
FACTS
This case stems from a tragic automobile accident in which a car, driven by one member of the Miccosukee Tribe of Indians of South Florida and owned by another member of the Tribe, killed Carlos Ber-mudez’s wife and injured his son.[1] In 2009, a judgment pursuant to a jury verdict was entered individually against the two Tribal members and for Bermudez. Several years later, after the judgments proved uncollectable, Bermudez filed a motion to add the Tribe as a defendant. His theory was that the Tribe was liable to pay the judgments because it had voluntarily assisted the defendants with legal fees and advice during the trial. In 2013, the trial court agreed and entered a judgment in the amount of $4.1 million against the Tribe and for Bermudez.
Bermudez immediately sought writs of garnishment on Tribal accounts held by a private bank. The Tribe appealed the judgment and sought a stay of Bermudez’s attempts to collect the judgment. In response, Bermudez maintained that the Tribe was required to post a bond as provided by Floi'ida Rule of Appellate Proee- *491 dure 9.310 in order to secure a stay of his collection efforts. The trial court properly required the Tribe to post a bond. The Tribe duly posted bond by depositing the full amount required by rule 9.310 with the clerk of the circuit court. As required by law, the clerk charged the Tribe $71,961.59 as a court registry fee for receiving money in the registry of the court. § 28.24, Fla. Stat. (2014). When the merits of the appeal were reviewed, this court reversed, finding no legal authority to support the theory that a third party becomes liable for a judgment merely because it assisted the defendant in maintaining its defense. Miccosukee Tribe of Indians of S. Fla. v. Bermudez, 145 So.3d 157, 158 (Fla. 3d DCA 2014). After prevailing, the Tribe moved to tax appellate costs, including the $71,961.59 court registry fee. The trial court included the fee in the costs that were taxed. Bermudez appealed.
ANALYSIS
Depositing money with the clerk is one of the two methods for posting bond specifically authorized by rule 9.310(c)(1), which defines a “good and sufficient bond” as either (a) a bond “with a principal and a surety company authorized to do business in the State of Florida” or (b) “cash deposited in the circuit court clerk’s office.’-’ “Costs” awarded to the prevailing party on appeal include the following: (1) fees for filing and service of process; (2) charges for preparation of the record; (3) bond premiums; and (4) other costs permitted by law. Fla. R. App. P. 9.400(a).
Bermudez contends that the court registry fee does not fall within the category of “bond premiums” established by 9.400(a)(3). Without reaching that issue, we focus our analysis on the category of “other costs permitted by law” established by 9.400(a)(4). The phrase “by law” when used in the Florida Constitution, statutes, or rules of court generally means by enactment of the Florida Legislature. See generally Grapeland Heights Civic Ass’n v. City of Miami, 267 So.2d 321, 324 (Fla.1972) (defining “law” as used in the Florida Constitution as “enact[ed] by the State Legislature”). The Legislature has provided by law that costs include “[t]he reasonable premiums or expenses paid on all bonds or other security furnished by such party.” § 57.071(l)(a), Fla. Stat. (2014). It has also provided by law that, if the bond is posted by depositing cash with the clerk of the circuit court, the clerk must charge a court registry fee based on a statutory formula. § 28.24.
We accordingly hold that the court registry fee qualifies as “other costs permitted by law” under rule 9.400(a)(4) because depositing the cash with the clerk is one option to post a good and sufficient bond specifically provided by rule 9.310(c)(1) and the fee amount set by the Legislature is a reasonable expense paid by a party to furnish security under section 57.071(l)(a). We are unable to discern any reason why the Florida Rules of Appellate Procedure would provide two methods for posting a bond, yet allow recovery of only the costs of paying the fee charged by a private surety, but not the statutorily-required fee charged by the clerk.
Affirmed.

. This case appears before us for the eleventh time. Miccosukee Tribe of Indians of S. Fla. v. Bermudez, 145 So.3d 157 (Fla. 3d DCA 2014); Bermudez v. Bert, 108 So.3d 1099 (Fla. 3d DCA 2013); Bermudez v. Bert, 122 So.3d 377 (Fla. 3d DCA 2013); Miccosukee Tribe of Indians of Fla. v. Tein, 97 So.3d 234 (Fla. 3d DCA 2012); Bert v. Bermudez, 95 So.3d 274 (Fla. 3d DCA 2012); Miccosukee Tribe of Indians of Fla. v. Bermudez, 92 So.3d 232 (Fla. 3d DCA 2012); Bert v. Bermudez, 86 So.3d 1127 (Fla. 3d DCA 2012); Bermudez v. Bert, 37 So.3d 374 (Fla. 3d DCA 2010); Billie v. Bermudez, 26 So.3d 591 (Fla. 3d DCA 2010); Bermudez v. Bert, No. 3D09-475 (Fla. 3d DCA Oct. 7, 2009).